**FILED**
JAMES J. VILT, JR. - CLERK

JUN - 4 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**JOSEPH LANHAM**
**RICHARD "RICKY" ELBLE II**
**LAURA LANHAM**

INDICTMENT

NO. 3:24CR67CHB

18 U.S.C. § 2
18 U.S.C. § 982(b)(1)
18 U.S.C. § 1505
18 U.S.C. § 1519
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(h)
18 U.S.C. § 1957
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

The Grand Jury charges:

COUNT 1
(*Money Laundering Conspiracy*)

1.  From in or about April 2016, and continuing through in or about May 2023, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendants, **JOSEPH LANHAM, RICHARD "RICKY" ELBLE II**, and **LAURA LANHAM,** and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate together and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States, in that: the defendants, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, namely trafficking in narcotics, in violation of Title 21, United States Code, Section 841, conducted and attempted to conduct such financial transactions, affecting interstate commerce, which in fact involved the proceeds of trafficking in narcotics, a specified unlawful activity, with the intent to conceal or

disguise the nature, location, source, ownership, or control of the proceeds of narcotics trafficking, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## MANNER AND MEANS

2. The conspiracy was executed in the following manner through the following means: the defendants, along with unindicted co-conspirators, conspired together to conceal or disguise the nature, location, source, ownership, and control of the proceeds of narcotics trafficking. Defendant **JOSEPH LANHAM** engaged in narcotics trafficking activities for which he received cash proceeds. Cash received from narcotics trafficking supported **JOSEPH LANHAM**'s lifestyle and purchase of assets, including real estate bought both for personal use and as investment properties.

3. Defendant **LAURA LANHAM** is the mother of defendant **JOSEPH LANHAM**. Defendant **JOSEPH LANHAM** and defendant **RICHARD "RICKY" ELBLE II** are related by marriage.

4. During the relevant time period from in or about April 2016, and continuing through in or about May 2023, **JOSEPH LANHAM** purchased numerous vehicles, vessels, and properties, using various methods to conceal his actual ownership and control over his real and personal property, as well as their source, including but not limited to: utilizing bulk cash for major transactions, despite maintaining bank accounts in his own name at all times relevant to the indictment; using others as nominee purchasers for his property; transferring real property to others via quitclaim deed; and using bank accounts held by nominees to conduct real estate transactions. Each of these tactics was intended to distance **JOSEPH LANHAM** from the property and assets over which he had actual ownership and control, as well as disguise the source of funds for his purchases, that is, narcotics trafficking. **RICHARD "RICKY" ELBLE II** and **LAURA LANHAM** knowingly conspired with **JOSEPH LANHAM** to this end and aided in the

concealment of drug proceeds by acting as nominee purchasers and owners in his transactions and by carrying out other transactions on his behalf.

5. As part of the conspiracy, **JOSEPH LANHAM, RICHARD "RICKY" ELBLE II**, and **LAURA LANHAM**, engaged in or caused numerous financial transactions in the Western District of Kentucky and elsewhere. The following transactions are not exhaustive of those made in furtherance of the conspiracy charged, but are illustrative of the manner and means by which the defendants undertook this conspiracy to launder narcotics trafficking proceeds.

### 65 Pine Ridge Lane, Hardinsburg, Kentucky

6. On June 22, 2012, **JOSEPH LANHAM** purchased a lake house property, located at 65 Pine Ridge Lane, Hardinsburg, Kentucky, for $16,900. Between January 2020 and May 2022, **JOSEPH LANHAM** paid approximately $222,800 in cash for construction work and improvements on this lake house property.

7. On September 12, 2016, four days after **JOSEPH LANHAM** was arrested for marijuana trafficking (Jefferson Circuit Court, Case No. 16-F-009985), **JOSEPH LANHAM** transferred 65 Pine Ridge Lane, Hardinsburg, Kentucky ("Lanham Lake House") by quitclaim deed for $1.00 to **RICHARD "RICKY" ELBLE II**, and it continues to be held in **RICHARD "RICKY" ELBLE II**'s name, even though **JOSEPH LANHAM** retains actual ownership and control over the property.

### 8904 Pine Lake Drive, Louisville, Kentucky

8. On or about June 2016, **JOSEPH LANHAM** purchased 8904 Pine Lake Drive as his primary residence, for $175,500 in cash, though he maintained a bank account in his name at the time.

9. On May 18, 2017, a quitclaim deed for the property was recorded in the names of nominees, listing them as the new owners. **RICHARD "RICKY" ELBLE II** brought the deed to the nominees for them to sign at **JOSEPH LANHAM**'s request, even though **JOSEPH LANHAM** maintained actual ownership and control over the property.

10. On July 7, 2023, after witnesses were contacted by law enforcement, **JOSEPH LANHAM** executed a quitclaim deed to transfer the property into his name without the knowledge of the nominees.

### 8744 Running Fox Circle, Louisville, Kentucky

11. On or about June 11, 2018, **JOSEPH LANHAM** purchased 8744 Running Fox Circle from. The seller and **RICHARD "RICKY" ELBLE II** executed a quitclaim deed on the property, listing **RICHARD "RICKY" ELBLE II** as the new owner of the property, even though **JOSEPH LANHAM** had actual ownership and control over the property.

12. **JOSEPH LANHAM** paid the seller with $100,000 in cash and gave them a $50,000 cashier check, in the name of **LAURA LANHAM**.

13. Prior to purchasing the home **JOSEPH LANHAM** gave the seller approximately $40,000 in cash to pay off his mortgage so the property would be "free and clear" without a lien, so that a quitclaim deed could be executed. Subsequently, the seller repaid **JOSEPH LANHAM** by check for the $40,000.

### 6012 Lower Hunters Trace, Louisville, Kentucky

14. On April 20, 2021, **JOSEPH LANHAM** purchased 6012 Lower Hunters Trace, Louisville, Kentucky, for $70,000 in cash. Title was transferred by quitclaim deed. **LANHAM** conducted this purchase in bulk cash despite having a bank account in his name at the time.

### 10305 Arbor Oak Drive, Louisville, Kentucky

15. On August 10, 2021, **JOSEPH LANHAM** purchased 10305 Arbor Oak Drive. **LAURA LANHAM** was named as the purchaser on the deed. This property was purchased with a $185,000 wire from a savings account in the name of **LAURA LANHAM** and a $31,393.50 wire transfer from **JOSEPH LANHAM**'s US Bank account ending x2080. The $185,000 wire from **LAURA LANHAM** was primarily funded by bond returns that **LAURA LANHAM** posted as nominee for **JOSEPH LANHAM**.

16. **JOSEPH LANHAM** purchased this property to be a residence for his paramour, Jane Doe, who was not his wife. The wire for the purchase of the property from **JOSEPH LANHAM**'s US Bank account ending x2080 was made possible through $22,500 in net cash deposits made from May through the purchase date.

### 6905 Roseborough Court, Louisville, Kentucky

17. On December 10, 2021, **JOSEPH LANHAM** purchased 6905 Roseborough Court Louisville, Kentucky, for $120,000 in cash. This price was $10,000 above the asking price on the property. **JOSEPH LANHAM** met the seller at Chase Bank. **JOSEPH LANHAM** gave the seller $120,000 in cash. Upon receiving it the seller went inside the bank and made a deposit into his account in the amount of $119,600. This transaction paid off the seller's mortgage on the property, which allowed deed to transfer by quitclaim. **JOSEPH LANHAM** maintained a bank account in his name at the time of this cash transaction. On the same date, a quitclaim deed was recorded from the seller to **LAURA LANHAM**.

### 6100 Cooper Chapel Road, Louisville, Kentucky

18. On December 16, 2021, **JOSEPH LANHAM** purchased 6100 Cooper Chapel Road, Louisville, Kentucky, a rental property reported on his tax return, for $124,000 in cash (delivered

in a plastic grocery bag). Title was transferred by quitclaim deed. **JOSEPH LANHAM** maintained a bank account in his name at the time of this cash transaction.

<u>2022 Skiers Choice Inc., Supra SE Boat, Model SE550, and trailer</u>

19. In or about April 2016, **JOSEPH LANHAM** purchased a 2015 MB Sport Boat from an individual seller for $67,000 in cash. **JOSEPH LANHAM** titled the 2015 MB Sport Boat in the names of nominees, despite having actual ownership and control of the boat.

20. On or about May 6, 2019, **JOSEPH LANHAM** traded in the 2015 MB Sport Boat and paid an additional $47,700 in cash to purchase a 2019 Skiers Choice Inc., Supra SE Boat, Model SE550, valued at approximately $100,000, from Denney Auto Sales & Marine. **JOSEPH LANHAM** titled the 2019 Skiers Choice Inc., Supra SE Boat, Model SE550 in the name of **RICHARD "RICKY" ELBLE II**, despite having actual ownership and control of the boat.

21. On or about May 13, 2022, **JOSEPH LANHAM** traded in the 2019 Skiers Choice Inc., Supra SE Boat, Model SE550 and paid an additional $7,420 in cash to purchase a 2022 Skiers Choice Inc., Supra SE Boat, Model SE550, and boat trailer, valued together at approximately $160,000, from Denney Auto Sales & Marine. **JOSEPH LANHAM** titled the 2022 Skiers Choice Inc., Supra SE Boat, Model SE550 in the name of **RICHARD "RICKY" ELBLE II**, despite having actual ownership and control of the boat.

22. By utilizing bulk cash for major transactions, despite maintaining bank accounts in **JOSEPH LANHAM**'s own name at all times relevant to the Indictment; using others as nominee purchasers for his property; transferring real property to others via quitclaim deed; using bank accounts held by nominees to conduct real estate transactions; and by other means, defendants **JOSEPH LANHAM, RICHARD "RICKY" ELBLE II,** and **LAURA LANHAM**, along with

unindicted co-conspirators, acted in concert to conceal or disguise the nature, location, source, ownership, or control of the proceeds of narcotics trafficking.

In violation of Title 18, United States Code, Section 1956(h).

The Grand Jury further charges:

## COUNTS 2-5
*(Monetary Transactions in Proceeds of Specified Unlawful Activity)*

23. Between on or about August 10, 2021, to on or about May 18, 2023, in the Western District of Kentucky, the defendants, **JOSEPH LANHAM** and **LAURA LANHAM**, aided and abetted by each other and others, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is deposit of U.S. currency, such property having been derived from a specified unlawful activity, that is, narcotics trafficking. These transactions are described in the chart below:

| Count | Date | Defendant | Action |
|---|---|---|---|
| 2 | August 10, 2021 | **JOSEPH LANHAM** | Bank wire of $31,393 (from U.S. Bank account in the name of **JOSEPH LANHAM**) for his purchase of 10305 Arbor Oak Drive |
| 3 | August 10, 2021 | **JOSEPH LANHAM** **LAURA LANHAM** | Bank wire of $185,000 (from L&N Federal Credit Union account in the name of **LAURA LANHAM**) for purchase of 10305 Arbor Oak Drive by **JOSEPH LANHAM** |
| 4 | December 10, 2021 | **JOSEPH LANHAM** | **JOSEPH LANHAM** paid $120,000 cash to seller at Chase Bank which seller deposited into Chase Bank account for purchase of 6905 Roseborough Ct. |

| 5 | May 18, 2023 | **JOSEPH LANHAM** | $20,000 cash down payment from **JOSEPH LANHAM** to Woody Buick GMC towards the financed purchase of a 2024 GMC Sierra 3400HD truck |

In violation of Title 18, United States Code, Sections 1957 and 2.

The Grand Jury further charges:

## COUNT 6
*(Obstruction of Proceedings Before Departments and Agencies)*

24. On or about September 27, 2023, in the Western District of Kentucky and elsewhere, the defendant, **JOSEPH LANHAM**, did corruptly influence, obstruct, and impede, or endeavor to influence, obstruct, and impede, the due and proper administration of the law under which an in rem administrative forfeiture proceeding (AFTRAK No. 31230014-01 and AFTRAK No. 31230014-002) was pending before the United States Internal Revenue Service, by submitting or causing to be submitted, a false claim of lawful ownership in the name of a nominee.

In violation of Title 18, United States Code, Sections 1505 and 2.

The Grand Jury further charges:

## COUNT 7
*(Falsification of Records in a Federal Investigation)*

25. On or about September 27, 2023, in the Western District of Kentucky and elsewhere, the defendant, **JOSEPH LANHAM**, did knowingly falsify a document with the intent to impede, obstruct, and influence the investigation and proper administration of an investigation into

violations Title 18, United States Code, Sections 1956 and 1957, a matter the defendant knew was within the jurisdiction of the Internal Revenue Service Criminal Investigations Division.

In violation of Title 18, United States Code, Sections 1519 and 2.

## FORFEITURE

As a result of committing violations of Title 18, United States Code, Sections 1956(h), 1956(a)(l)(B)(i), and 1957, as specifically charged in this Indictment, the defendants, **JOSEPH LANHAM, RICHARD "RICKY" ELBLE II**, and **LAURA LANHAM**, shall forfeit to the United States any and all property these offenses, and any and all of the defendants' property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of used, or intended to be used, in any manner or part, to commit or to facilitate the offenses and property involved therein, and all property traceable to such property, including but not limited to:

1. Real Property located at 65 Pine Ridge Lane, Hardinsburg, Kentucky;
2. Real Property located at 8904 Pine Lake Drive, Louisville, Kentucky;
3. Real Property located at 8744 Running Fox Circle, Louisville, Kentucky;
4. Real Property located at 6012 Lower Hunters Trace, Louisville, Kentucky;
5. Real Property located at 10305 Arbor Oak Drive, Louisville, Kentucky;
6. Real Property located at 6905 Roseborough Court, Louisville, Kentucky;
7. Real Property located at 6100 Cooper Chapel Road, Louisville, Kentucky;
8. 2022 Skiers Choice Inc., Supra SE Boat, Model SE550, and trailer; and
9. 2024 GMC Sierra 3400HD Truck, VIN: 1GT49YEY0RF126010.

Pursuant to Title 18 United States Code, Section 982(a)(l). If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

Redacted

_____
MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:CEK:06/04/2024

UNITED STATES OF AMERICA v. **JOSEPH LANHAM, RICHARD "RICKY" ELBLE II, and LAURA LANHAM**

## PENALTIES

Count 1: NM 20 yrs./$500,000 or twice the value of the monetary instruments involved/both/NM 3 yrs. Supervised Release
Counts 2-5: NM 10 yrs./$500,000/both/NM 3 yrs. Supervised Release (each count)
Count 6: NM 5 years/$250,000/3 yrs. Supervised Release
Count 7: NM 20 years/$250,000/3 yrs. Supervised Release
Forfeiture

## N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

|  | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   <u>For offenses occurring after December 12, 1987</u>:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made <u>payable to the Clerk, U.S. District Court</u> and delivered to the appropriate division office listed below:

LOUISVILLE:        Clerk, U.S. District Court
                   106 Gene Snyder U.S. Courthouse
                   601 West Broadway
                   Louisville, KY  40202
                   502/625-3500

BOWLING GREEN:     Clerk, U.S. District Court
                   120 Federal Building
                   241 East Main Street
                   Bowling Green, KY  42101
                   270/393-2500

OWENSBORO:         Clerk, U.S. District Court
                   126 Federal Building
                   423 Frederica
                   Owensboro, KY  42301
                   270/689-4400

PADUCAH:           Clerk, U.S. District Court
                   127 Federal Building
                   501 Broadway
                   Paducah, KY  42001
                   270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.