UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Criminal Action No. 3:24-CR-00067-CHB |
| | ) |
| v. | ) |
| | ) |
| JOSEPH LANHAM, | ) **ORDER FOLLOWING** |
| | ) **ARRAIGNMENT AND SCHEDULING** |
| Defendant. | ) **ORDER** |
| | ) **(Criminal)** |
| | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Proceedings were conducted, by video, on June 6, 2024, for the purposes of initial appearance and arraignment. The defendant, Joseph Lanham, was present, in custody, with Nader G. Shunnarah, retained counsel. Assistant United States Attorney Corinne E. Keel was present for the United States of America. The proceedings were digitally recorded.

Upon motion of the United States to unseal the Indictment,

**IT IS HEREBY ORDERED** that the Indictment is **UNSEALED**.

The Court orally reminded the United States of its prosecutorial obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), and the consequences of violating the same.

As to the matter of arraignment, defendant, by counsel, acknowledged his identity. He further acknowledged having been furnished a copy of the Indictment and advised of the nature of the charges contained therein.

Counsel, on behalf of defendant, waived formal reading of the Indictment and entered a plea of **NOT GUILTY** to the charges contained therein. Accordingly, it is hereby

**ORDERED** as follows:

(1)     Trial.  This matter is assigned for a **trial by jury on August 6, 2024, at the hour of 9:00 a.m.**, before the Honorable Claria Horn Boom, United States District Judge, at the Gene Snyder U.S. Courthouse in **Louisville, Kentucky**.  Counsel shall be present in the courtroom at **8:30 a.m.**

(2)     Motions for Continuance.   The Court advises the parties that it will grant continuances only upon properly supported findings required under the Speedy Trial Act (STA), 18 U.S.C. § 3161 *et seq.*  A defendant may not prospectively waive his or her right to a speedy trial under the Speedy Trial Act.  *See Zedner v. United States,* 547 U.S. 489, 500 (2006).  Therefore, any continuances, whether requested by the United States or the defendant, must meet one of the exceptions for "excludable" periods of time contained in 18 U.S.C. §3161(h).

(3)     Pretrial Discovery and Inspection.

   (a)     The United States.    **Within ten (10) days after arraignment**, the Assistant United States Attorney and defense counsel shall confer and, upon request, the United States shall fully comply with its obligation to disclose evidence in accordance with Rule 16(a) of the Federal Rules of Criminal Procedure.

   (b)     The Defendant.    **Within ten (10) days after arraignment**, the Assistant United States Attorney and defense counsel shall confer and, upon request, the defendant shall produce all items discoverable pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

   (c)     Declined Disclosure.  If, in the judgment of the United States Attorney, it would not be in the interests of justice to make any one or more disclosures as required by this Order and/or Rule 16(a) and requested by defense counsel, disclosure may be declined.  A declination of any requested disclosure shall be in writing, directed to defense counsel,

and signed personally by the Assistant United States Attorney, and shall specify the types of disclosure that are declined. If the defendant seeks to challenge the declination, he/she shall proceed pursuant to subsection (d) below.

      (d)      <u>Additional Discovery or Inspection</u>. If additional discovery or inspection is sought by either party, and such request is declined, the parties shall confer and attempt to resolve the dispute in a cooperative atmosphere without recourse to the Court. If the parties are unable to resolve their discovery dispute, they may file the appropriate written motions certifying that informal, extrajudicial efforts to resolve the dispute have been unsuccessful, and specifying the details of the dispute and the legal authority supporting disclosure. *See* Fed. R. Crim. P. 16(d).

           (i)      <u>Jencks Act Material</u>. Jencks Act material pursuant to 18 U.S.C. § 3500 is not required to be furnished to defendant by the United States prior to trial.

           (ii)      <u>*Brady* (*Giglio*) Material</u>. The United States shall disclose any *Brady* material of which it has knowledge in the following manner:

                (A)      pretrial disclosure of any *Brady* material discoverable under Rule 16(a)(1);

                (B)      disclosure of all other *Brady* material in time for effective use at trial; and

                (C)      if the United States has knowledge of *Brady* evidence and is unsure as to the nature of the evidence and the proper time for disclosure, then it may request an *in camera* hearing for the purpose of resolving this issue.

>> Failure to disclose *Brady* material at a time when it can be effectively used at trial may result in a recess or a continuance so that defendant may properly utilize such evidence.

> (iii) <u>Rule 404(b) Evidence</u>. Upon service of a request from defendant for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide notice **within fourteen (14) days of trial** of the general nature of any such evidence it intends to introduce at trial unless the Court excuses pretrial notice upon motion by the United States showing good cause.

(e)     If required to be disclosed pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) or 16(b)(1)(C), **any expert testimony** the United States or defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief, including a summary of the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications, shall be disclosed in time to be evaluated for potential use at trial, **but in any event no later than six (6) weeks prior to trial**. Likewise, any expert testimony either the United States or defendant intends to use to rebut an expert under Rule 702, 703, or 705 of the Federal Rules of Evidence shall be disclosed in time to be evaluated for potential use at trial, **but in any event no later than five (5) weeks prior to trial**.

(f)     The parties are reminded of the continuing duty under Federal Rule of Criminal Procedure 16(c) to disclose additional discoverable evidence or material previously requested or ordered.

(4) <u>Motions</u>.

    (a) <u>Generally</u>. Defensive motions (except motions for discovery under paragraph 3), and any other motion potentially requiring a pretrial hearing, shall be filed **no later than thirty-five (35) days after arraignment, accompanied by a memorandum of authorities**. In the case of subsequent arraignment on a superseding indictment, any defensive motions shall be filed within the original thirty-five (35) day deadline or within fifteen (15) days of that arraignment, whichever date is later. Except as modified under a specific briefing order, all motions, responses, and replies will be governed by Rule 12.1 of the Joint Local Rules of Criminal Practice for the Eastern and Western Districts of Kentucky, and shall be accompanied by a memorandum of authorities.

    (b) <u>Motions to Suppress</u>. Paragraph 4(a) of this Order shall apply to motions to suppress evidence, except that the opposing memorandum with regard to such motions shall be filed **no later than three (3) business days** prior to the date of any hearing on the motion, unless otherwise ordered.

(5) <u>Motions for Change of Plea</u>. If the defendant intends to enter a plea of guilty, defense counsel shall file a motion for change of plea. All motions for change of plea shall be filed no later than **fourteen (14) days before the scheduled trial date**, absent good cause. A defendant is advised that failure to comply with this filing requirement will be considered by the Court in determining whether to grant credit for acceptance of responsibility. *See* U.S.S.G. §3E1.1. Following the filing of a motion for change of plea, and if the parties intend to proceed pursuant to a written plea agreement, the United States shall submit a copy of the proposed plea agreement for the Court's review at least **one (1) day** prior to any hearing on the defendant's motion for

change of plea. This document shall be transmitted as an electronic attachment to *boom_chambers@kyed.uscourts.gov*.

(6) Pretrial Filings. **No later than fourteen (14) days prior to trial,** each party shall file a trial memorandum containing the following:

(a) The statute(s) involved and elements of the offense(s) (with discussion of authorities, if disputed).

(b) A proposed statement of the case suitable for reading to the prospective jurors during voir dire, and a separate statement of disputed facts.

(c) A separate statement of each unresolved substantive issue of law, with discussion and citations to authorities.

(d) A statement of evidentiary issues it is reasonably believed will be raised at trial, together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

(e) A statement of any known or reasonably anticipated potential trial problems, or other issues that may assist the Court in trying the case.

(f) Proposed substantive and special jury instructions with citations to authorities. It is not necessary to submit standard general instructions. Additional requests at trial are to be kept to a minimum.

(g) Proposed voir dire questions.

(h) Counsel shall file an exhibit list and pre-mark for identification purposes all exhibits intended to be used at trial in accordance with L.Cr.R. 55.2. Also, counsel shall file a stipulation as to the authenticity of the exhibits. Any

      objections to the authenticity of the exhibits shall be heard prior to trial at a time and place to be set by the Court.

  (7) <u>Other Pretrial Submissions and Trial Matters:</u>

    (a) **No later than fourteen (14) days prior to trial,** the United States (and the defendant if he/she so chooses) shall submit, for the Court's *in camera* review, a proposed witness list with a brief summary of the expected testimony of each witness and an estimate as to the amount of time that will be required to present the testimony in chief of each witness. The witness list shall be submitted via e-mail to *boom_chambers@kyed.uscourts.gov*.

    (b) At the commencement of trial, the United States shall furnish the official court reporter a list of pre-marked exhibits intended to be used at trial.

    (c) The United States shall retain possession of physical exhibits (e.g., weapons, ammunition, drugs, etc.) during and after trial, pending further orders of the Court.

  (8) <u>Motions in Limine and *Daubert* Motions</u>. Any **motions in limine,** including evidentiary objections to portions of audio/video tapes and/or depositions, shall be filed **on or before fourteen (14) days prior to trial**. **Responses** shall be filed **on or before ten (10) days prior to trial**. There shall be **no replies**. To the extent available, the parties shall provide copies of transcripts of all audio/video tapes and deposition testimony being challenged. Objections shall be made specifically to page and line. **Motions to exclude the testimony of an expert witness** pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) shall be filed **on or before twenty-one (21) days prior to trial**. **Responses** shall be filed **on or before fourteen (14) days prior to trial**. There shall be **no replies**.

(9)     <u>Jury Selection</u>.  At trial, the Court will conduct the inquiry of the jury panel.  Per Rule 24 of the Federal Rules of Criminal Procedure, the inquiry will include questions and topics submitted in writing by the parties that the Court deems proper.  After the initial inquiry, the Court will conduct a bench conference to ascertain whether it should pose further questions to the panel or follow up with individual jurors.

Once the inquiry of the jury panel is completed, the Court will hear counsel's motions to strike potential jurors for cause.  After addressing the motions, the Court will direct the Clerk of Court to remove from the list of eligible jurors, the names of any jurors stricken for cause.  The Court will then determine the number of alternate jurors and the number of peremptory challenges.

By random draw, the Clerk of the Court will call a round of potential jurors in a number equal to twelve jurors plus the number of alternates plus the number of peremptory challenges allotted to each side.  The jurors will be seated in the Courtroom in the order in which they have been called.  The Clerk of the Court shall provide counsel with a printed form listing the jurors in the same order.  Using the form provided by the Clerk, the parties will exercise their respective peremptory challenges utilizing blind simultaneous strikes.  The first twelve jurors not stricken will be the jury.  Alternate jurors will be designated in the same order.  However, the alternate jurors will not be identified to the jury until after the jury has been instructed and before it retires to deliberate.  Objections to this jury selection procedure shall be filed in writing no later than ten (10) days prior to trial.

(10)   <u>Technology</u>.   Counsel must demonstrate an ability to use the Court's technology systems for any exhibits which will be discussed by a witness or utilized during opening or closing statements.  First time users of the system should contact the Clerk's office to make arrangements to view the systems.

(11)   The United States having moved for the detention of the defendant, it is further

**ORDERED** that a detention hearing is scheduled for **June 7, 2024 at 4:00 p.m.** before the Honorable Regina S. Edwards, United States Magistrate Judge pending further order of the Court.

Date: June 6, 2024

**ENTERED BY ORDER OF COURT**
**REGINA S. EDWARDS, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
**JAMES J. VILT, JR., CLERK**
**BY:  /s/:** *Ashley Henry,* **Deputy Clerk**

cc: Counsel of record

0|10